UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES KEMP,

           Plaintiff,                        No. 02-CV-74592-DT

vs.                                             Hon. Gerald E. Rosen

MARCUS ROBINSON and
DAN GIBLER,

           Defendants.
_____/

MEMORANDUM OPINION AND ORDER DENYING DEFENDANT
GIBLER'S MOTION TO SET ASIDE DEFAULT AND ENTERING
<u>DEFAULT JUDGMENT AGAINST DEFENDANT GIBLER</u>

       At a session of said Court, held in
       the U.S. Courthouse, Detroit, Michigan
       on    <u>September 30, 2008</u>

       PRESENT:  Honorable Gerald E. Rosen
                             United States District Judge

## INTRODUCTION

This prisoner civil rights case was remanded by the Sixth Circuit Court of Appeals in January 2008 for the purpose of allowing Plaintiff Charles Kemp to file a motion for default judgment against two of the five named defendants in this action, Marcus Robinson and Dan Gibler. In accordance with the Sixth Circuit's remand and this Court's order issued after discussing this matter with counsel for the parties at a Status Conference held on February 4, 2008, Plaintiff timely filed his Motion for Default

1

Judgment. Defendant Dan Gibler filed a cross-motion to set aside default.

PERTINENT FACTS AND PROCEDURAL HISTORY

Plaintiff Charles Kemp is an inmate at the State Prison in Jackson, Michigan. He sued a number of defendants under § 1983 for an alleged assault by two prison guards, Raytheon McClure and Marcus Robinson, that occurred on November 23, 2003. Afterwards, Kemp reported the incident to Dan Gibler, the supervisory shift sergeant on duty that night, and to Cathy Mars, a nurse at the prison. When nothing was done about the matter, Kemp filed a prison grievance. A formal investigation ensued after the conclusion of which McClure and Robinson were charged with the excessive use of force in violation of prison regulations.

Kemp thereafter filed this action naming the prison warden, Harold White, Robinson, McClure, Gibler and Mars as defendants. On August 28, 2003, the Court granted Warden White's motion to dismiss. Shortly thereafter, the clerk entered defaults as to Defendants Robinson and Gibler, neither of whom appeared or answered after being served with process.

A final pretrial conference was held in September 2005 with Plaintiff and the remaining Defendants Mars and McClure. At this conference, the parties tentatively agreed to a monetary settlement subject to ironing out a few details concerning a payment schedule and language for a release of claims. Counsel were directed by the Court to submit to the Court a stipulation of dismissal as soon as the paperwork was finalized.

Over the course of the ensuing four months the Court, contacted counsel for the parties a number of times to inquire about the delay and was repeatedly told that the parties were still working out the details of the settlement. On January 12, 2006, when contacted by the Court, Plaintiffs counsel advised that the parties were still working on a payment schedule but expected resolution shortly. When by March 16, 2006 -- more than six months after the final pretrial conference -- the Court still had not heard from the parties, it issued an Order of Dismissal indicating that the case was dismissed because the matter had been settled among the parties at the final pretrial conference.

Eight days later, Plaintiff filed a motion to set aside the dismissal order and requested a hearing to seek default judgments and to put the final settlements on the record.

A hearing was held on August 3, 2006. At the hearing, the Court agreed to reinstate the case for the purpose of entering a final settlement on the record for McClure and Mars. However, because the defaults had been entered more than two and one-half years earlier with no action taken to bring those defaults to judgment, the Court denied Plaintiff's motion to reinstate with regard to seeking default judgments against Robinson and Gibler.

Plaintiff thereafter appealed to the Sixth Circuit. On December 27, 2007, the Sixth Circuit reversed and remanded the case. In accordance with the remand order, the Court reinstated the case to allow Plaintiff to seek entry of default judgments they had

been sought in 2006.

Plaintiff filed his Motion for Entry of Default Judgment against Defendants Marcus Robinson and Dan Gibler on February 22, 2008. Defendant Gibler cross-moved to Set Aside the November 14, 2003 Default entered by the Clerk against him.

A hearing on Plaintiff's and Defendant Gibler's Motions was held on July 24, 2008. Defendant Robinson did not appear or otherwise respond to either motion. At the close of the hearing, the Court granted Plaintiff's Motion for Entry of Default Judgment against Defendant Robinson, but took Plaintiff's Motion for Default Judgment against Defendant Gibler and Defendant Gibler's Motion to Set Aside Default under advisement. An Order Entering the Default Judgment of Defendant Robinson was entered on August 8, 2008. This Order was subsequently amended on September 5, 2008.[1]

Having reviewed and considered the parties' briefs and the oral arguments of counsel heard on July 24, 2008, the Court is now prepared to rule on Defendant Gibler's Motion to Set Aside Entry of Default and Plaintiff's Motion for Entry of Default Judgment against this defendant.

DISCUSSION

Fed. R. Civ. P. 55 provides that the court may set aside an entry of default "for good cause shown." Mr. Gibler's only explanation for not answering Plaintiff's

---

[1] The Amended Order added only a provision stating that an evidentiary hearing would be scheduled by the Court to determine the amount of damages Plaintiff is entitled to recover against Defendant Robinson. [*See* Amended Order at Dkt. No. 78.]

Complaint is that when he was served with the Complaint on December 13, 2002, he forwarded a copy of it to the Attorney General's office in Lansing requesting legal representation. (Gibler had by this time retired from his prison job by then.) He claims he never heard back from the Attorney General's office and just assumed that the AG's office would be representing him because the AG had previously represented him (while he was still employed) in cases brought by inmates.

As Defendant Gibler concedes in his brief, when a court is confronted with a request to set aside an entry of default (as opposed to a default *judgment*), although the court considers three factors -- (1) whether the culpable conduct of the defendant led to the default; (2) whether the defendant has a meritorious defense; and (3) whether the plaintiff will be prejudiced -- the ultimately determinative factor is whether the defendant's culpable conduct led to the default. *United Coin Meter Co. v. Seabord Coastline R.R.*, 705 F.2d 839, 845 (1983).

Although Defendant contends that his belief that the AG's office would appear and answer the Complaint was a reasonable one, the Court finds that merely assuming one is represented does not constitute sufficient "good cause" to set aside the default.

As indicated, Mr. Gibler acknowledges that he was served with the Complaint. The record shows that Gibler was served on December 30, 2002. The record further shows that Gibler was served with Plaintiff's request for the clerk's entry of default on November 12, 2003. Although no request for entry of Default Judgment was made until

5

March 2006, during the entire time that this matter was pending, Gibler made no effort to ascertain with the AG's office whether he was being represented or what was occurring in this case. Gibler states that he merely assumed that the matter was dismissed because he had not heard otherwise.

Under these circumstances, the Court finds that it was Defendant Gibler's culpable conduct which led to the default. Therefore, the Court will not set aside the clerk's entry of default against him.

CONCLUSION

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Defendant Dan Gibler's Motion to Set Aside Default is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Default Judgment against Defendant Gibler is GRANTED. Accordingly,

IT IS FURTHER ORDERED that Default Judgment is hereby entered against Defendant Dan Gibler and in favor of Plaintiff Charles Kemp, in an amount to be determined by the Court.

IT IS FURTHER ORDERED that an evidentiary hearing will be scheduled by the Court to determine the amount of damages Plaintiff Charles Kemp is entitled to have

entered against Defendant Dan Gibler in this matter.

    SO ORDERED


        s/Gerald E. Rosen
        Gerald E. Rosen
        United States District Judge

Dated: September 30, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 30, 2008, by electronic and/or ordinary mail.

        s/LaShawn R. Saulsberry
        Case Manager