UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES KEMP,

                    Plaintiff,                            No. 02-CV-74592-DT

vs.                                              Hon. Gerald E. Rosen

MARCUS ROBINSON and
DAN GIBLER,

                    Defendants.
_____/

OPINION AND ORDER ADOPTING THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE AND
<u>AWARDING PLAINTIFF DAMAGES AND ATTORNEY'S FEES</u>

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on_____July 31, 2009_____

PRESENT:  Honorable Gerald E. Rosen
                   Chief Judge, United States District Court

<u>INTRODUCTION</u>

This prisoner civil rights action is presently before the Court on the July 14, 2009

Report and Recommendation entered by United States Magistrate Judge Virginia M.

Morgan following an evidentiary hearing conducted before her to determine the amount

of damages Plaintiff should be awarded against Defendants Marcus Robinson and Dan

Gibler for injuries he suffered as the result of a beating at the State Prison in Jackson,

Michigan. The Magistrate Judge recommends that an award of damages be entered in

1

favor of Plaintiff and against Defendant Robinson in the amount of $60,000 ($30,000 compensatory damages, $10,000 punitive damages, and $20,000 for attorney's fees) but that no damages or attorney fees be entered against Defendant Gibler.  Plaintiff has filed timely objections to the Report and Recommendation.  Plaintiff challenges not only the Magistrate Judge's $0 damages award against Defendant Gibler but also seeks an augmented amount of the compensatory and punitive damages assessed against Defendant Robinson and an augmented award of attorney's fees.[1]  Having reviewed and considered *de novo* the Magistrate Judge's Report and Recommendation and Plaintiff's Objections thereto, the Court finds that the Magistrate Judge's determinations comport with the law and the facts of this case.

<u>DISCUSSION</u>

Plaintiff Charles Kemp was incarcerated at the State Prison in Jackson, Michigan from 1998 through mid-2006 for false pretenses and retail fraud.  In 2002, Kemp sued a number of defendants under § 1983 for an alleged assault by two prison guards, Raytheon McClure and Marcus Robinson, that occurred on November 23, 2000. Afterwards, Kemp reported the incident to Dan Gibler, the shift sergeant on duty that night, and to Cathy Mars, a nurse at the prison.  When nothing was done about the matter, Kemp filed a prison grievance.  A formal investigation ensued after the conclusion of which McClure and Robinson were charged with the excessive use of force

---

[1]  Plaintiff has not specified any particular dollar amount of such an augmented award of damages and fees.

2

in violation of prison regulations.

Kemp thereafter filed this action naming the prison warden, Harold White, Robinson, McClure, Gibler and Mars as defendants.  On August 28, 2003, the Court granted Warden White's motion to dismiss.  Shortly thereafter, the clerk entered defaults as to Defendants Robinson and Gibler, neither of whom appeared or answered after being served with process.

A final pretrial conference was held in September 2005 with Plaintiff and the remaining Defendants Mars and McClure.  At this conference, the parties tentatively agreed to a monetary settlement subject to ironing out a few details concerning a payment schedule and language for a release of claims.  Counsel were directed by the Court to submit to the Court a stipulation of dismissal as soon as the paperwork was finalized.

Over the course of the ensuing four months the Court, contacted counsel for the parties a number of times to inquire about the delay and was repeatedly told that the parties were still working out the details of the settlement.  On January 12, 2006, when contacted by the Court, Plaintiff's counsel advised that the parties were still working on a payment schedule but expected resolution shortly.  When by March 16, 2006 -- more than six months after the final pretrial conference -- the Court still had not heard from the parties, it issued an Order of Dismissal indicating that the case was dismissed because the matter had been settled among the parties at the final pretrial conference.

Eight days later, Plaintiff filed a motion to set aside the dismissal order and

requested a hearing to seek default judgments and to put the final settlements on the
record.

A hearing was held on August 3, 2006. At the hearing, the Court agreed to
reinstate the case for the purpose of entering a final settlement on the record for McClure
and Mars. However, because the defaults had been entered more than two and one-half
years earlier with no action taken to bring those defaults to judgment, the Court denied
Plaintiff's motion to reinstate with regard to seeking default judgments against Robinson
and Gibler.

Plaintiff thereafter appealed to the Sixth Circuit. On December 27, 2007, the
Sixth Circuit reversed and remanded the case. In accordance with the remand order, the
Court reinstated the case to allow Plaintiff to seek entry of default judgments they had
sought in 2006.

Plaintiff filed his Motion for Entry of Default Judgment against Defendants
Marcus Robinson and Dan Gibler on February 22, 2008. Defendant Gibler cross-moved
to Set Aside the November 14, 2003 Default entered by the Clerk against him.

A hearing on Plaintiff's and Defendant Gibler's Motions was held on July 24,
2008. Defendant Robinson did not appear or otherwise respond to either motion. At the
close of the hearing, the Court granted Plaintiff's Motion for Entry of Default Judgment
against Defendant Robinson, and an Order Entering the Default Judgment of Defendant
Robinson was entered on August 8, 2008. This Order was subsequently amended on

4

September 5, 2008.[2]  Then, on September 30, 2008, the Court entered an Opinion and Order finding that it was Defendant Gibler's culpable conduct which led to his default. Therefore, the Court refused to set aside the clerk's entry of default against him. Plaintiff's Motion for Default Judgment against Defendant Gibler was granted and Default Judgment was accordingly entered.  The September 30, 2008 Order further ordered that an evidentiary hearing be held to determine the amount of damages Kemp would be entitled to have entered against Defendant Gibler.

The case was thereafter referred to United States Magistrate Judge Virginia M. Morgan for an evidentiary hearing on the amount of damages Plaintiff would be entitled to have entered against both Defendants Robinson and Gibler.

Magistrate Judge Morgan conducted an evidentiary hearing on March 23, 2009. At this hearing, Plaintiff, his wife and Defendant Gibler testified.  On July 14, 2009, the Magistrate Judge entered her Report and Recommendation.  In her R&R, Magistrate Judge Morgan recounted the testimony of the witnesses.  This testimony showed that Defendant Robinson deliberately beat Plaintiff for the purpose of punishment.  The beating lasted about ten minutes and resulted in an injury to Plaintiff's right shoulder. Plaintiff testified that he suffered pain as a result of the shoulder injury.  Plaintiff's wife testified that Plaintiff's shoulder continues to bother him now, even after having been

---

[2]  The Amended Order added only a provision stating that an evidentiary hearing would be scheduled by the Court to determine the amount of damages Plaintiff is entitled to recover against Defendant Robinson. [*See* Amended Order at Dkt. No. 78.]

5

released from prison for nearly three years, and that it has resulted in problems with his
working.

Noting that Plaintiff settled his case with the other involved prison guard, Officer
McClure who stood by and watched Robinson beat Plaintiff, for $30,000, the Magistrate
Judge determined that a slightly larger amount of damages would be appropriate against
Defendant Robinson who actually perpetrated the deliberate beating.  She determined that
an award of $30,000 compensatory damages plus $10,000 in punitive damages, with an
additional award of $20,000 for attorney's fees would be an appropriate award of
damages against Robinson.

The testimony at the evidentiary hearing, however, established that there is no link
between Plaintiff's injuries and any action on the part of Defendant Gibler.  Gibler was
not on duty at the time the assault on Plaintiff occurred and did not work that shift at all.
He did not supervise or interact with either Officer Robinson or McClure.  He testified
that, at most, he would see them in the context of changing shifts. The only connection
between Plaintiff's injuries and Gibler is that when Gibler came on duty on the third shift,
Plaintiff told Gibler that he had been beaten by Defendant Robinson and Gibler, who
could see that Plaintiff was bruised, took Kemp to the nursing station.  Plaintiff was not
handcuffed or shackled during this visit to the nursing station. Gibler offered to take
Plaintiff to the hospital, but Plaintiff declined.  He had no involvement, however, with
Plaintiff's medical care or decision-making.

According to Plaintiff, a few days later, Gibler visited Plaintiff in his cell to tell

6

him that Robinson had been suspended.  Plaintiff claims that Gibler's visit "scared him" because it made him afraid of retaliatory actions that might be taken by or on behalf of Robinson.  His claim for an award of damages against Gibler stems from alleged "psychological injuries" purportedly flowing from being scared.  Gibler, however, denied ever going to Plaintiff's cell and testified that he would not have told him that Robinson was suspended.  He testified that his only involvement with the matter after taking Plaintiff to the nurse's station was that he reported Kemp's beating to his shift supervisor and that he also reported it to the afternoon supervisor when he came on duty the next day.

After considering Plaintiff's claims and the evidence presented at the March 23rd hearing, Magistrate Judge Morgan determined that Gibler should not be held liable for any damages.  Although the Court entered a default judgment against Gibler, as the Magistrate Judge observed, this holding merely precluded any consideration as to whether Gibler breached his duty, the record evidence showed that Plaintiff could not link his damages to the actions of Gibler, and, thus, failed to establish "proximate cause."[3]

Having reviewed the Magistrate Judge's R & R, Plaintiff's objections, and the remainder of the materials in the record, the Court concurs in the Magistrate Judge's analysis, and accordingly adopts the R & R in its entirety.

---

[3] Plaintiff's cause of action was one for a constitutional tort, which required establishing a duty, a breach of that duty, and that the breach was the proximate cause of Plaintiff's damages.

7

Therefore,

IT IS HEREBY ORDERED that the Magistrate Judge's Report and

Recommendation of July 14, 2009 is adopted by the Court.

IT IS FURTHER ORDERED that an award of damages is hereby entered in favor

of Plaintiff and against Defendant Gibler and Robinson as follows:

Against Defendant Gibler:  No damages, no attorney fees.

Against Defendant Robinson:  $60,000 ($30,000 in compensatory damages;

$10,000 in punitive damages; and $20,000 for attorney's fees.)

SO ORDERED.


s/Gerald E. Rosen_____
Chief Judge, United States District Court

Dated:  July 31, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record
on July 31, 2009, by electronic and/or ordinary mail.

s/Ruth Brissaud_____
Case Manager

8